IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 17-cr-00267-LKG |
| RONNELL LEWIS, | ) ) | Dated: December 17, 2024 |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER ON
<u>DEFENDANT'S POST-CONVICTION MOTIONS</u>**

**I.     INTRODUCTION**

Defendant *pro se*, Ronnell Lewis, has filed the following post-conviction motions in the above-captioned criminal matter: (1) a motion seeking retroactive application of the First Step Act (ECF No. 293) and (2) a motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 297). The Defendant's motions are fully briefed. ECF Nos. 293, 297 and 309. No hearing is necessary to resolve these motions. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **DENIES** Mr. Lewis' motion seeking retroactive application of the First Step Act (ECF No. 293) and (2) **DENIES** Mr. Lewis' motion to vacate sentence (ECF No. 297).

**II.    BACKGROUND AND PROCEDURAL HISTORY**

The Defendant, Ronnell Lewis, is currently serving a sentence of imprisonment after having been convicted of: (1) Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count I); (2) Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Counts II and IV); (3) Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts III and V); (4) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count VI); (5) Interstate Transportation of a Stolen Vehicle, in violation of 18 U.S.C. § 2312 (Count VII); and (6) Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1) (Count VIII). ECF No. 186.

As background, on May 17, 2017, a Grand Jury in the District of Maryland returned an

Indictment, charging Mr. Lewis and his co-Defendant, Joshua Jermaine Jackson, with: (1) Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); (2) Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 20. On September 26, 2018, the Grand Jury returned a Superseding Indictment, adding William David Hill as another co-Defendant and charging all three Defendants with: (1) Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count I); (2) Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Counts II and IV); (3) Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts III and V); (4) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count VI); and (5) Interstate Transportation of a Stolen Vehicle, in violation of 18 U.S.C. § 2312 (Count VII). ECF No. 75. Mr. Lewis was also charged with Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1) (Count VIII). *Id*.

A jury trial for all three Defendants was scheduled to begin on June 24, 2019. ECF No. 132. On the morning of jury selection, Mr. Jackson orally renewed a motion to sever his trial. *Id*. And so, the Court granted the motion and severed the trial for Mr. Lewis and Mr. Hill from the trial for Mr. Jackson. *Id*. An eight-day jury trial for Mr. Lewis and Mr. Hill commenced on June 24, 2019, and concluded on July 3, 2019. ECF Nos. 133, 135, 136, 137, 140, 141 and 142. On July 3, 2019, a jury found Mr. Lewis and Mr. Hill guilty of all Counts with which they were charged in the Superseding Indictment.[1] ECF No. 148.

During the trial, the Government introduced evidence to show that Mr. Lewis conspired with his co-Defendants to commit two armed commercial robberies, which occurred over a four-day period, during the week of Thanksgiving in 2016. ECF No. 309 at 1-5; *see* ECF No. 75.

---

[1] Following a two-week jury trial, on February 18, 2020, a jury found Mr. Jackson guilty of: (1) Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count I); (2) Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count IV); (3) Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count V); (4) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count VI); and (5) Interstate Transportation of a Stolen Vehicle, in violation of 18 U.S.C. § 2312 (Count VII). ECF No. 240. The jury acquitted Mr. Jackson of Count II, Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), which related to the robbery of Rocky's Auto Shop that occurred on November 22, 2016, and therefore did not reach a verdict on the related 924(c) count (Count III). *Id*.

Specifically, the Government's evidence showed that, on November 22, 2016, the Defendants committed their first armed robbery at Rocky's Auto Shop, located in Clinton, Maryland. ECF No. 309 at 2. During this robbery, Mr. Lewis shot and paralyzed Aaron Ford, the owner of Rocky's Auto Shop. *Id*. at 2-3.

The Government also introduced evidence to show that, prior to this robbery, the Defendants stole a minivan and license plates from another vehicle to put on the minivan. *Id*. at 2. The Defendants then drove the stolen minivan to the area near Rocky's Auto Shop to stake out the business. *Id*. Later that evening, around 6:30 p.m., the Defendants drove the stolen minivan up to Rocky's Auto Shop and jumped out with guns drawn. *Id*. The Defendants then brandished their guns at Mr. Ford and his friend, Troy Contee, forcing them to hand over the money that was in their pockets. *Id*. The Defendants also grabbed Mr. Contee, held him at gunpoint, duct-taped his mouth and tied his hands and feet together with zip ties. *Id*. at 3. Believing the Defendants planned to execute him and Mr. Contee, Mr. Ford fought the Defendants. *Id*. The Defendants shot Mr. Ford, leaving him permanently paralyzed from the waist down, and fled the scene. *Id*. By the time Mr. Contee freed himself from the zip ties and duct tape to call 911, the Defendants had escaped. *Id*.

The Government introduced evidence during trial to show that, four days later, on November 26, 2016, the Defendants committed a second armed robbery, this time at Joe's Old Fashion Barbershop, located in Seat Pleasant, Maryland. *Id*. In this regard, at approximately 5:00 p.m. on November 26, 2016, the Defendants drove the stolen minivan into the barbershop's parking lot. *Id*. As Daryl Davis and Danyil Lancaster prepared to close the barbershop for the day, Mr. Lewis and Mr. Hill exited the minivan and entered the barbershop with a gun, while Mr. Jackson remained in the vehicle. *Id*. Mr. Lewis and Mr. Hill pointed the gun at the barbers and forced them to lie on their stomachs, to steal their money and jewelry. *Id*. After Mr. Lewis and Mr. Hill heard a car horn honk, they fled the barbershop, ran into the waiting minivan and drove away. *Id*.

At the time of this robbery, officers from the Seat Pleasant, Maryland Police Department were responding to a call near the barbershop. *Id*. After one of the barbers called 911, the officers heard dispatch call out a report of an armed robbery over the radio. *Id*. The officers spotted the stolen minivan with the stolen plates a short distance away. *Id*. And so, the officers activated their lights, attempted to pull over the minivan and gave chase when the minivan did not stop. *Id*.

During the chase the stolen minivan violently hit a speed bump in a residential neighborhood, causing it to slow down quickly and come to a stop, at which point the occupants exited the vehicle. *Id*. Mr. Jackson, who had been driving the minivan, exited the vehicle from the front driver's side, while Mr. Lewis and Mr. Hill attempted to flee on foot. *Id*. at 3-4. The officers secured Mr. Jackson, who had been shot in the shoulder by one of the guns inside the minivan, and Mr. Lewis, who only managed to evade law enforcement for a few yards. *Id*. at 4.

After the officers secured the minivan and obtained a search warrant for its contents, they found two loaded guns, including one with a high-capacity magazine and one with a filed-off serial number, inside. *Id*. One of the guns was recovered from the front driver's side floorboard, while the other was recovered from the front passenger's side floorboard. *Id*. The officers also discovered a third loaded firearm within Mr. Lewis and Mr. Hill's escape path.[2] *Id*.

After Mr. Lewis and Mr. Jackson were arrested, Mr. Lewis contacted an associate of his named "Gene" and asked Gene to go to Joe's Old Fashion Barbershop, to convince the victims of the robbery not to cooperate with law enforcement. *Id*. During the trial, one of barbers testified that he had been visited by associates of Mr. Jackson. *Id*.

The Court held a sentencing hearing for Mr. Lewis on December 2, 2019. ECF No. 182. At the conclusion of the sentencing hearing, the Court sentenced Mr. Lewis to: (1) 192 months of imprisonment as to Count I (Hobbs Act Conspiracy), Counts II and IV (Hobbs Act Robberies of Rocky's Auto Shop and Joe's Old Fashion Barbershop) and Count VIII (Witness Tampering), to run concurrently with each other; (2) 120 months of imprisonment as to Count VI (Felon in Possession of a Firearm) and Count VII (Interstate Transportation of a Stolen Vehicle), to run concurrent with each other and all other Counts; (3) 120 months as to Count III (Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence for the Rocky's Auto Shop Robbery), to run consecutive to Counts I, II, IV, VI, VII and VIII; and (4) 84 months as to Count V (Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence for the Joe's Old Fashion Barbershop Robbery), to run

---

[2] During the trial, the Government introduced: (1) cellphone evidence showing contacts between the three Defendants during the month leading up to the robberies; (2) cell site information showing that the Defendants' cellphones had been in the area of the minivan theft and Rocky's Auto Shop during the stakeout on November 22, 2016; and (3) evidence showing Mr. Hill's return route home following his escape from law enforcement on November 26, 2016. ECF No. 309 at 5.

4

consecutive to Counts I, II, III, IV, VI, VII and VIII.[3]  ECF No. 186 at 3.

On March 31, 2022, Mr. Lewis filed a motion seeking retroactive application of the First Step Act.  ECF No. 293.  On May 5, 2022, the Office of the Federal Public Defender for the District of Maryland notified the Court that it would not be supplementing Mr. Lewis' motion, nor asking for appointment of counsel in this matter.  ECF No. 296.

On May 26, 2022, Mr. Lewis filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  ECF No. 297.  The Government filed a consolidated response in opposition to Mr. Lewis' motions on May 9, 2023.  ECF No. 309.

The Defendant's post-conviction motions having been fully briefed, the Court resolves the pending motions.

### III.   LEGAL STANDARDS

#### A.   The First Step Act

On December 21, 2018, Congress enacted the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act.  Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act").  Relevant to the pending motion, the First Step Act modified 18 U.S.C. § 924(c), to prevent the "stacking" of multiple Section 924(c) convictions.  *Id*.  The statute now requires that each additional Section 924(c) conviction only result in an additional five years of imprisonment, rather than 25 years.  *Id*.  Under the First Step Act, the mandatory minimum sentence of 25 years for any "second or subsequent" Section 924(c) offense applies only "after a prior conviction under this subsection has become final."  *Id*.  And so, the enhanced mandatory consecutive penalty does not apply to multiple Section 924(c) violations charged at the same time.

#### B.   Section 2252

Pursuant to Title 28, United States Code, Section 2255, a prisoner who is imprisoned under a sentence of the Court may seek to vacate, set aside or correct the sentence.  28 U.S.C. § 2252.  This statute requires that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

---

[3] Mr. Lewis timely appealed his sentence on December 5, 2019.  ECF No. 184.  On January 14, 2021, the United States Court of Appeals for the Fourth Circuit granted Mr. Lewis' motion to voluntarily dismiss his appeal.  ECF No. 273.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Court, if that right has been newly recognized by the Court and was made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### IV.   ANALYSIS

Mr. Lewis has filed the following post-conviction: (1) a motion seeking retroactive application of the First Step Act (ECF No. 293) and (2) a motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 297). Mr. Lewis is proceeding *pro se* in this matter and his motions are somewhat difficult to follow. But, it appears that he seeks to reduce and/or vacate the consecutive sentences that the Court imposed for his two convictions for violations of 18 U.S.C. § 924(c), upon the grounds that these sentences are prohibited by the First Step Act. ECF Nos. 293, 297. Mr. Lewis also appears to argue that his convictions for Hobbs Act Robbery are not valid predicates to support his Section 924(c) convictions. ECF No. 293 at 2-3. And so, Mr. Lewis requests that the Court reduce and/or vacate these sentences. *Id.*; ECF No. 297.

The Government counters in its consolidated response in opposition to Mr. Lewis' motions that: (1) Mr. Lewis misconstrues the First Step Act's Section 924(c) sentence stacking rule; (2) Mr. Lewis' argument that his Section 924(c) convictions were improperly predicated on non-violent offenses lacks merit; and (3) Mr. Lewis' Section 2255 motion is time-barred. ECF No. 309 at 7-11. And so, the Government requests that the Court deny Mr. Lewis' motions. *Id.* at 11.

For the reasons that follow, the evidence before the Court shows that the First Step Act's Section 924(c) sentence stacking rule does not apply to this case, because Mr. Lewis' Section 924(c) sentences were not stacked. The Court also agrees with the Government that Mr. Lewis' Section 924(c) convictions were predicated on violent offenses, because Hobbs Act robbery is a crime of violence. Lastly, Mr. Lewis' Section 2255 motion is untimely and, thus, time-barred.

And so, the Court: (1) DENIES Mr. Lewis's motion seeking retroactive application of the First Step Act and (2) DENIES Mr. Lewis' motion to vacate sentence.

### A. The First Step Act's Section 924(c) Sentence Stacking Rule Does Not Apply To This Case

As an initial matter, Mr. Lewis has not shown that his Section 924(c) sentences should be reduced or vacated under the First Step Act. The First Step Act modified Section 924(c) to prevent the "stacking" of multiple Section 924(c) convictions. Pub. L. No. 115-391, 132 Stat. 5194 (2018). This statute requires that each additional Section 924(c) conviction only result in an additional five years of imprisonment, rather than 25 years. *Id*. Given this, the mandatory minimum sentence of 25 years for any "second or subsequent" Section 924(c) offense applies only "after a prior conviction under this subsection has become final." *Id*. And so, the enhanced mandatory consecutive penalty does not apply to multiple Section 924(c) violations charged at the same time. *Id*.

The Court agrees with the Government that the 120-month Section 924(c) sentence imposed by the Court for the robbery of Rocky's Auto Shop, and the 84-month Section 924(c) sentence imposed by the Court for the robbery of Joe's Old Fashion Barbershop, remain mandated after passage of the First Step Act. *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 103083, at *11-12 (W.D.N.C. June 1, 2021) (noting that, in a case where the defendant was entitled to a reduction in sentence, "if [the defendant] could be sentenced for multiple [Section] 924(c) counts of conviction . . . a sentence consistent with the First Step Act's clarification regarding Section 924(c) stacking would still result in . . . [an] aggregate sentence [of] twenty years"). In this case, the Court sentenced Mr. Lewis to sentences for two separate Section 924(c) offenses, which were predicated upon his use of firearms in conjunction with violent crimes committed on separate days. ECF No. 186. Neither of these sentences were "stacked" so as to trigger Section 924(c)'s recidivist provision.

Rather, the Court appropriately sentenced Mr. Lewis to a 120-month sentence for his criminal conduct involving the discharge of a firearm during the robbery of Rocky's Auto Shop and to an 84-month sentence for his criminal conduct involving the brandishing of a firearm during the separate robbery of Joe's Old Fashion Barbershop. *Id*. And so, Mr. Lewis' request that the Court "decrease[] to one sentence" his Section 924(c) sentences, pursuant to the First Step Act, is unavailing. *See* ECF No. 293 at 4.

7

### B. Mr. Lewis' Section 924(c) Convictions Were Predicated On Violent Offenses

The evidence before the Court also shows that Mr. Lewis's Section 924(c) convictions were predicated on violent offenses, because Hobbs Act robbery is a crime of violence. The Fourth Circuit has made clear that a completed Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that a Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)); *see also*, *United States v. Wilson*, 2022 U.S. App. LEXIS 18133, at *2 (4th Cir. June 30, 2022) (concluding that the appellants' argument that the predicate act for convictions for Hobbs Act robbery is not a crime of violence under the force clause of 18 U.S.C. § 924(c) "is squarely foreclosed" by *Mathis*). In this case, Mr. Lewis was convicted of, among other things, complete Hobbs Act robberies. ECF No. 148. And so, his Section 924(c) convictions were properly predicated on these crimes of violence.

### C. Mr. Lewis' Section 2255 Motion Is Untimely

As a final matter, Mr. Lewis' motion to vacate sentence, pursuant to 28 U.S.C. § 2255, is untimely. Mr. Lewis styles his motion to vacate as a "motion and pretense of the implementation act in the form of argument of 2255." ECF No. 297. The Court construes this motion to be a motion to vacate sentence, pursuant to 28 U.S.C. § 2255. But, pursuant to 28 U.S.C. § 2255(f), a one-year limitations period applies to Mr. Lewis' motion and that this limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Court, if that right has been newly recognized by the Court and was made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Mr. Lewis filed his motion to vacate on May 26, 2022, which is more than

8

one year after the date on which the judgment of his conviction became final in this case. ECF No. 297. Mr. Lewis appealed his conviction on December 5, 2019, and his appeal was later voluntarily dismissed by the Fourth Circuit on January 14, 2021. ECF No. 273. And so, the judgment in this case became final when the time to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003); *see also Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008) (noting that this rule also applies to conviction of defendant who voluntarily dismissed his appeal).

Typically, a defendant has 90 days from the entry of an appellate judgment to petition for a writ of certiorari and this time period runs from the entry of the judgment. *See* S. Ct. R. 13.1, 13.3. Because the Fourth Circuit dismissed Mr. Lewis' appeal on January 14, 2021, the 90-day period by which he would have needed to petition for a writ of certiorari expired on April 15, 2021. *Id.* And so, one year after this date—April 15, 2022—is the latest date on which Mr. Lewis could file his motion to vacate. 28 U.S.C. § 2255(f).

Because Mr. Lewis filed his motion to vacate after April 15, 2022, and he has not shown that any of the exceptions to this limitations period applies to this case, the Court DENIES his motion to vacate as untimely.

## V.  CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Mr. Lewis' motion seeking retroactive application of the First Step Act (ECF No. 293); and

(2) **DENIES** Mr. Lewis' motion to vacate sentence (ECF No. 297).

IT IS SO ORDERED.

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
